UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COTTON INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>-against-<br><br>WESTIN ST. JOHN HOTEL CO., INC., BAY VISTA OWNERS ASSOCIATION, INC., SUNSET BAY CONDOMINIUM ASSOCIATION, LLC, SUNSET BAY VACATION OWNERS ASSOCIATION, LLC, and WESTIN VACATION MANAGEMENT COMPANY,<br><br>Defendants. | Case No. 1:21-cv-2099<br><br>**DEFENDANT WESTIN ST. JOHN HOTEL CO., INC.'S ANSWER AND <u>AFFIRMATIVE DEFENSES</u>** |

Defendant Westin St. John Hotel Co., Inc. ("WSJ"), by its attorneys, Foley & Lardner LLP, for its answer and affirmative defenses to Plaintiff Cotton International, Inc.'s ("Cotton") Complaint, states as follows:

## NATURE OF THE CLAIM[1]

1. WSJ denies the allegations in Paragraph 1 of the Complaint.

2. WSJ denies the allegations in Paragraph 2 of the Complaint.

3. WSJ denies the allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 of the Complaint contain legal conclusions to

---

[1] The Complaint contains various section headings and an introductory paragraph which are not incorporated into numbered paragraphs. The headings and introductory paragraph are not factual allegations. Therefore, no answer is required. To the extent that a response is required, WSJ denies the section headings and introductory paragraph. Further, to the extent the Complaint incorporates defined terms, such terms are denied, unless otherwise expressly admitted.

1

which no response is required.

5. The allegations in Paragraph 5 of the Complaint contain legal conclusions to which no response is required.

6. The allegations in Paragraph 6 of the Complaint contain legal conclusions to which no response is required.

## PARTIES AND OTHER ENTITIES

7. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8. WSJ denies the allegations in Paragraph 8 of the Complaint, except admits that WSJ operates hotels.

9. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

## FACTUAL ALLEGATIONS

**Following Hurricanes' One-Two Punch in September 2017, Westin Retains Cotton to Restore, Repair, and Renovate the Resort**

13. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14. WSJ denies having knowledge and information sufficient to form a belief as to

the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the same, except admits that the resort suffered property damage as a result of Hurricanes Irma and Maria.

18. WSJ denies the allegations in Paragraph 18 of the Complaint, except refers to the alleged contracts for their complete terms and conditions.

19. WSJ denies the allegations in Paragraph 19 of the Complaint, except refers to the alleged contracts and change orders for their complete terms and conditions.

20. WSJ denies the allegations in Paragraph 20 of the Complaint, except refers to the alleged contracts for their complete terms and conditions.

**Westin Agrees to Pay the Gross Receipts Tax Liability as Part of the "Contract Sum"**

21. The allegations in Paragraph 21 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, WSJ denies the allegations in paragraph 21 of the Complaint.

22. The allegations in Paragraph 22 of the Complaint contain legal conclusions to which no response is required.

23. The allegations in Paragraph 23 of the Complaint contain legal conclusions to which no response is required.

24. WSJ denies the allegations in Paragraph 24 of the Complaint, except refers to the

alleged contracts for their complete terms and conditions.

25. WSJ denies the allegations in Paragraph 25 of the Complaint, except refers to the alleged contracts for their complete terms and conditions.

26. WSJ denies the allegations in Paragraph 26 of the Complaint, except refers to the alleged contracts for their complete terms and conditions.

27. WSJ denies the allegations in Paragraph 27 of the Complaint, except refers to the alleged contracts for their complete terms and conditions.

28. WSJ denies the allegations in Paragraph 28 of the Complaint, except refers to the alleged contracts for their complete terms and conditions.

29. WSJ denies the allegations in Paragraph 29 of the Complaint, except refers to the alleged contracts for their complete terms and conditions.

30. WSJ denies the allegations in Paragraph 30 of the Complaint, except refers to the alleged contracts for their complete terms and conditions.

31. The allegations in Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, WSJ denies the allegations in Paragraph 31 of the Complaint, except refers to the alleged contracts for their complete terms and conditions.

### Westin Reaffirms its Promise to Pay the GRT Liability

32. WSJ denies the allegations in Paragraph 32 of the Complaint.

33. WSJ denies the allegations in Paragraph 33 of the Complaint, except refers to the alleged contracts and payment applications for their complete terms and conditions.

34. WSJ denies the allegations in Paragraph 34 of the Complaint, except refers to the alleged change orders for their complete terms and conditions.

35. WSJ denies the allegations in Paragraph 35 of the Complaint, except refers to the alleged change orders for their complete terms and conditions.

36. WSJ denies the allegations in Paragraph 36 of the Complaint, except refers to the alleged change orders for their complete terms and conditions.

37. WSJ denies the allegations in Paragraph 37 of the Complaint, except refers to the alleged change orders for their complete terms and conditions.

38. WSJ denies the allegations in Paragraph 38 of the Complaint, except refers to the alleged contracts and change orders for their complete terms and conditions.

**Westin Reneges on its Contractual Obligation to Reimburse the GRT Liability, Forcing Cotton to Initiate Legal Action**

39. WSJ denies the allegations in Paragraph 39 of the Complaint.

40. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore denies the same.

41. WSJ denies having knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore denies the same.

42. WSJ denies the allegations in Paragraph 42 of the Complaint.

43. WSJ denies the allegations in Paragraph 43 of the Complaint, except refers to the alleged contracts and change orders for their complete terms and conditions.

44. WSJ denies the allegations in Paragraph 44 of the Complaint.

45. WSJ denies the allegations in Paragraph 45 of the Complaint.

46. WSJ denies the allegations in Paragraph 46 of the Complaint.

### COUNT 1: BREACH OF CONTRACT

47. In response to Paragraph 47 of the Complaint, WSJ restates, incorporates, and realleges its answers to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48. WSJ denies the allegations in Paragraph 48 of the Complaint, except refers to the alleged contracts and change orders for their complete terms and conditions.

49. The allegations in Paragraph 49 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, WSJ denies the allegations in Paragraph 49 of the Complaint, except refers to the alleged contracts their complete terms and conditions.

50. WSJ denies the allegations in Paragraph 50 of the Complaint, except refers to the alleged contracts their complete terms and conditions.

51. The allegations in Paragraph 51 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, WSJ denies the allegations in Paragraph 51 of the Complaint.

52. WSJ denies the allegations in Paragraph 52 of the Complaint, except refers to the alleged contracts their complete terms and conditions.

53. WSJ denies the allegations in Paragraph 53 of the Complaint, except refers to the alleged contracts their complete terms and conditions.

54. WSJ denies the allegations in Paragraph 54 of the Complaint, except refers to the alleged contracts and change orders for their complete terms and conditions.

55. WSJ denies the allegations in Paragraph 55 of the Complaint.

56. WSJ denies the allegations in Paragraph 56 of the Complaint.

57. WSJ denies the allegations in Paragraph 57 of the Complaint.

58. WSJ denies that Cotton is entitled to any of the relief sought in Cotton's prayer for relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and Cotton's purported damages sought therein, are barred based upon documentary evidence and/or by principles of waiver, release, ratification, estoppel, unclean hands and/or other related equitable doctrines.

### THIRD AFFIRMATIVE DEFENSE

Cotton failed to mitigate its purported damages.

### FOURTH AFFIRMATIVE DEFENSE

Cotton is barred in whole or in part from recovering any alleged damages, which damages are specifically denied, because such damages were caused and are the result, either in whole or in part, of its own culpable conduct, including its assumption of risk.

### FIFTH AFFIRMATIVE DEFENSE

To the extent the Complaint refers to or quotes from external documents or other sources, WSJ's responses may refer to such materials for a full and accurate statement of its contents; however, WSJ's references are not intended to be, and should not be construed as, an admission that the cited materials: (a) are accurately cited or quoted by WSJ or (b) are relevant to this action.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable Statute of Limitations, laches, and/or is otherwise barred.

## SEVENTH AFFIRMATIVE DEFENSE

Cotton's claim is barred by the express terms of the applicable contract between the parties.

## EIGHTH AFFIRMATIVE DEFENSE

WSJ hereby asserts all additional affirmative defenses that may be revealed in the course of discovery, by further investigation or at trial.

Dated: June 1, 2021  
      New York, New York

Respectfully submitted,

FOLEY & LARDNER LLP

By: */s/Todd C. Norbitz*  
Todd C. Norbitz, Esq.  
Benjamin I. Bassoff, Esq.  
90 Park Avenue  
New York, New York 10016  
Telephone: (212) 682-7474  
Facsimile: (212) 687-2329  
tnorbitz@foley.com  
bbassoff@foley.com

*Attorneys for Defendants Westin St. John Hotel Co., Inc. and Westin Vacation Management Company*