IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COTTON INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> WESTIN ST. JOHN HOTEL CO., INC., BAY VISTA OWNERS ASSOCIATION, INC., SUNSET BAY CONDOMINIUM ASSOCIATION, LLC, SUNSET BAY VACATION OWNERS ASSOCIATION, LLC, VISTANA SIGNATURE EXPERIENCES, INC., MARRIOTT VACATIONS WORLDWIDE CORPORATION, and WESTIN VACATION MANAGEMENT COMPANY, <br><br> Defendants. | Case No. 1:21-cv-2099 (JKG) <br><br> **DEFENDANT BAY VISTA OWNERS ASSOCIATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S <u>FIRST AMENDED COMPLAINT</u>** |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Bay Vista Owners Association, Inc. ("Bay Vista"), by and through its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers the claims and allegations of Plaintiff Cotton International, Inc.'s ("Cotton") First Amended Complaint, filed on or about July 6, 2021, lodges Affirmative Defenses to the Amended Complaint, and states as follows:

Unless expressly admitted herein, Bay Vista denies each and every allegation of the First Amended Complaint. Bay Vista has herein adopted the various headings found in the First Amended Complaint for ease of reference. However, to the extent that such headings themselves contain factual or legal statements, allegations, and/or characterizations of any form or type, Bay Vista hereby denies those statements, allegations, and/or characterizations.

1

## NATURE OF THE CLAIM

1.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 1 of the First Amended Complaint.

2.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 2 of the First Amended Complaint, except Bay Vista admits that two hurricanes in 2017 caused damage to facilities at and related to the Westin St. John Resort (collectively, "Resort") in the United States Virgin Islands, and that Cotton performed certain services thereafter at the Resort.

3.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 3 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves.

4.     Bay Vista asserts that Paragraph 4 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

## JURISDICTION AND VENUE

5.     Bay Vista asserts that Paragraph 5 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

6.     Bay Vista asserts that Paragraph 6 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

## PARTIES AND OTHER ENTITIES

7. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 7 of the First Amended Complaint.

8. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 8 of the First Amended Complaint.

9. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 9 of the First Amended Complaint, except that Bay Vista denies that it is a limited liability entity created and organized under the laws of the state of Florida, with its principal place of business at 9002 San Marco Ct., Orlando, FL 32819, and admits that it has appeared through the undersigned counsel and agreed to answer or respond to the First Amended Complaint by July 23, 2021.

10. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 10 of the First Amended Complaint.

11. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 11 of the First Amended Complaint.

12. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 12 of the First Amended Complaint.

13. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 13 of the First Amended Complaint.

14. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 14 of the First Amended Complaint.

## FACTUAL ALLEGATIONS

### Following Hurricanes' One-Two Punch in September 2017, Westin Retains Cotton to Restore, Repair, and Renovate the Westin St. John Resort Villas

15. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 15 of the First Amended Complaint.

16. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 16 of the First Amended Complaint, except Bay Vista admits that Hurricane Irma made landfall in 2017 and caused damage.

17. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 17 of the First Amended Complaint, except that Bay Vista admits that Hurricane Maria made landfall in 2017 and caused damage.

18. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 18 of the First Amended Complaint, except that Bay Vista admits that Hurricane Maria and Hurricane Irma made landfall in 2017 and caused damage.

19. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 19 of the First Amended Complaint, except that Bay Vista admits that Hurricane Maria and Hurricane Irma caused damage to the Resort.

20. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 20 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves.

21. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 21 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves.

22. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 22 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 22 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

23. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 23 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or

comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 23 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

24. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 24 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 24 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

**Westin Agrees to Pay the Gross Receipts Tax Liability as Part of the "Contract Sum"**

25. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 25 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 25 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

26. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 26 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 26 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

27. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 27 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 27 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

28. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 28 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 28 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

29. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 29 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 29 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

30. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 30 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 30 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

31. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 31 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 31 of the First

Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

32. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 32 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 32 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

33. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 33 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 33 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

34. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 34 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 34 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

35. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 35 of the First Amended

Complaint. In addition, Bay Vista asserts that Paragraph 35 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

**Westin Reaffirms its Promise to Pay the GRT Liability**

36.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 36 of the First Amended Complaint.

37.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 37 of the First Amended Complaint.

38.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 38 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves.

39.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 39 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves.

40.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 40 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 40 of the First

Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

41. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 41 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves.

42. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 42 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 42 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

43. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 43 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 43 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

44. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 44 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or

comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 44 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

45. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 45 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 45 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

### Westin Reneges on its Contractual Obligation to Reimburse the GRT Liability, Forcing Cotton to Initiate Legal Action

46. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 46 of the First Amended Complaint.

47. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 47 of the First Amended Complaint.

48. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 48 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 48 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

49. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 49 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 49 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

50. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 50 of the First Amended Complaint.

51. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 51 of the First Amended Complaint.

52. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 52 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 52 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

53. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 53 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 53 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

54. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 54 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or

comprise contracts and change orders related to Cotton were executed at certain times, which speak for themselves, and Bay Vista denies that it is in breach of any purported contract with Cotton and/or denies that it owes Cotton anything for any reason and/or that Cotton is entitled to any relief whatsoever. In addition, Bay Vista asserts that Paragraph 54 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

55. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 55 of the First Amended Complaint, except that Bay Vista denies that it owes Cotton anything for any reason, and/or that it is in breach of any purported contract with Cotton, and/or that Cotton is entitled to any relief whatsoever. In addition, Bay Vista asserts that Paragraph 55 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

56. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 56 of the First Amended Complaint, except that Bay Vista disputes that it owes Cotton anything for any reason, and/or that it has caused any damage to Cotton in any context, and/or that Bay Vista is in breach of any purported contract with Cotton. In addition, Bay Vista asserts that Paragraph 56 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

**COUNT I: BREACH OF CONTRACT**

57. Bay Vista hereby restates, incorporates, and reiterates everything set forth above, as if fully set forth herein, in response to the allegations of Paragraph 57 of the First Amended Complaint.

58. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 58 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, which speak for themselves. In addition, Bay Vista asserts that Paragraph 58 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

59. Bay Vista asserts that Paragraph 59 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

60. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 60 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, which speak for themselves.

61. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 61 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 61 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

62. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 62 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 62 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

63. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 63 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or

comprise contracts and change orders related to Cotton were executed at certain times, which speak for themselves. In addition, Bay Vista asserts that Paragraph 63 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

64.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 64 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 64 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

65.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 65 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, which speak for themselves. In addition, Bay Vista asserts that Paragraph 65 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

66.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 66 of the First Amended Complaint, except that Bay Vista admits that various documents purporting to constitute and/or comprise contracts and change orders related to Cotton were executed at certain times, and that those documents speak for themselves. In addition, Bay Vista asserts that Paragraph 66 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

67.     Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 67 of the First Amended Complaint. In addition, Bay Vista asserts that Paragraph 67 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

68. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 68 of the First Amended Complaint, except that Bay Vista disputes that it is in breach or that it has repudiated any alleged contract with Cotton. In addition, Bay Vista asserts that Paragraph 68 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

69. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 69 of the First Amended Complaint, except that Bay Vista denies that it is in breach or has repudiated any alleged contract with Cotton, and/or further denies that it has caused any damage to Cotton in any respect, and/or also denies that it owes Cotton anything for any reason. In addition, Bay Vista asserts that Paragraph 69 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

70. Bay Vista does not possess sufficient knowledge or information to enable it to determine the truth or falsity of the allegations contained in Paragraph 70 of the First Amended Complaint, except that Bay Vista denies that it is in breach or has repudiated any alleged contract with Cotton, and/or further denies that it has caused any damage to Cotton in any respect, and/or also denies that it owes Cotton anything for any reason. In addition, Bay Vista asserts that Paragraph 70 of the First Amended Complaint contains purported legal conclusions, to which Bay Vista has no present obligation to respond.

**PRAYER FOR RELIEF**

71. Bay Vista denies that Cotton is entitled to any relief from Bay Vista whatsoever, including any form or type of interest, attorneys' fees, costs, or disbursements for anything arising from or related to the allegations in the First Amended Complaint.

## JURY DEMAND

72. Bay Vista takes no position on Cotton's demand for a jury trial, but it hereby reserves all rights in regard to that demand.

## AFFIRMATIVE DEFENSES

Bay Vista propounds the following Affirmative Defenses and reserves the right to propound additional and/or amend its Affirmative Defenses, as information and materials become available through discovery or otherwise:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

73. The First Amended Complaint fails to state a claim against Bay Vista upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Absence of Contract(s))

74. The absence of any contract(s) between Bay Vista and Cotton bars Count I of the First Amended Complaint as a matter of law.

### THIRD AFFIRMATIVE DEFENSE
### (Cotton's Antecedent Breach)

75. Count I of the Complaint is barred as a matter of law by Cotton's antecedent breach of the alleged contract(s), even assuming arguendo such contract(s) ever existed, between it and Bay Vista.

### FOURTH AFFIRMATIVE DEFENSE
### (No Causation and No Damage)

76. Count I of the Complaint is barred as a matter of law, because nothing done or omitted by Bay Vista caused any damage or injury to Cotton.

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

77. The First Amended Complaint and Cotton's purported claims and damages therein are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

78. The First Amended Complaint and Cotton's purported claims and damages therein are barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE
### (Ratification)

79. The First Amended Complaint and Cotton's purported claims and damages therein are barred by the doctrine of ratification.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

80. Cotton has failed to mitigate its purported damages.

### NINTH AFFIRMATIVE DEFENSE
### (Cotton's Own Actions – Assumption of the Risk)

81. Cotton is barred in whole or in part from recovering any alleged damages from Bay Vista, which are specifically denied, because such damages were caused and are the result, either in whole or in part, of its own actions, including its assumption of risk.

### TENTH AFFIRMATIVE DEFENSE
### (Actions By Third Parties)

82. Count I of the Complaint is barred, in whole or in part, because the actions and omissions alleged and the damage, if any, stemming therefrom were carried out and/or caused by a nonparty or nonparties to this action over whom the Bay Vista had and has no control or influence whatsoever.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure To Join Necessary/Indispensable Parties)

83.     Count I of the Complaint is barred, in whole or in part, by Cotton's failure to join and name in this action certain other necessary and/or indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Bay Vista respectfully requests that the Court: (i) enter an Order wholly denying the relief sought in Count I of the First Amended Complaint and dismissing that Count and the First Amended Complaint in its entirety with prejudice; (ii) enter Judgment in its favor and against Cotton on Count I; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated: July 23, 2021
New York, New York

Respectfully submitted,

KING AND WOOD MALLESONS LLP

By: /s/ *Vincent Filardo, Jr.*
     Vincent Filardo, Jr.

500 Fifth Avenue, 50th Floor
New York, NY 10110
Tel.: (347) 926-7570
vincent.filardo@us.kwm.com

*Attorneys for Defendant*
*Bay Vista Owners Association, Inc.*