# ■FOLEY

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3406
tnorbitz@foley.com

CLIENT/MATTER NUMBER
094873-0470

APPLICATION GRANTED
SO ORDERED

*[signature]*

John G. Koeltl, U.S.D.J.

9/22/21

September 22, 2021

**Via ECF**
The Honorable John G. Koeltl
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Cotton International, Inc. v. Westin St. John Hotel Co., Inc. et al.*, Case No. 1:21-cv-02099

Dear Judge Koeltl:

      My firm, Foley & Lardner LLP, represents Defendants Westin St. John Hotel Co., Inc., Westin Vacation Management Company, Vistana Signature Experiences, Inc. and Marriott Vacations Worldwide Corporation (collectively, the "Westin/Marriott/Vistana Defendants"), in the above-referenced action.

      We write, pursuant to Rule I., E. of Your Honor's Individual Practices, and with the consent of counsel for each of the other Defendants, Sunset Bay Condominium Association, LLC, Sunset Bay Vacation Owners Association, LLC, and Bay Vista Owners Association, Inc. (the "Owners Association Defendants") to request a modest adjournment of the parties' deadline to file a Rule 26(f) case scheduling report <u>until one (1) week after Your Honor issues a ruling on the Westin/Marriott/Vistana Defendants' pending motion to dismiss</u> Plaintiff Cotton International, Inc.'s ("Cotton") First Amended Complaint (ECF 72; "Motion"). The Motion was fully submitted last week on Monday, September 13, 2021, and the Rule 26(f) case scheduling report is due on Friday, September 24, 2021. As set forth below, we respectfully submit that such a modest adjournment will result in substantive and procedural efficiencies that will benefit all the parties, and avoid the substantial prejudice that could result if three parties who may be dismissed from this action have to participate in expensive and time consuming discovery, and further prejudice all of the parties if they are compelled to address discovery requests and issues that could be rendered moot by Your Honor's decision on the Motion.

      By way of background, Cotton's original complaint in this lawsuit asserted one breach of contract claim against Defendants Westin St. John Hotel Co., Inc., Westin Vacation Management Company, and the Owners Association Defendants. The claim seeks reimbursement of a tax liability that Cotton alleges is owed under certain construction contracts. Defendant Westin

| | | | | |
|---|---|---|---|---|
| AUSTIN | DETROIT | MEXICO CITY | SACRAMENTO | TAMPA |
| BOSTON | HOUSTON | MIAMI | SAN DIEGO | WASHINGTON, D.C. |
| CHICAGO | JACKSONVILLE | MILWAUKEE | SAN FRANCISCO | BRUSSELS |
| DALLAS | LOS ANGELES | NEW YORK | SILICON VALLEY | TOKYO |
| DENVER | MADISON | ORLANDO | TALLAHASSEE | |

4836-5381-2970.2



**FOLEY & LARDNER LLP**

September 22, 2021
Page 2

Vacation Management Company is not a party to any of the in-issue construction contracts (a fact that Cotton admits). Consequently, we requested a pre-motion conference for the Court to consider our proposed motion to dismiss (*see* June 1, 2021 Letter; ECF 45), which Your Honor granted (ECF 50). At the June 15, 2021 conference, the Court afforded Cotton an opportunity to amend its complaint based on its representation that it could substantiate a breach of contract claim against Westin Vacation Management Company on the theory that it was the "real party in interest," notwithstanding the fact that it had no contract with Cotton. Accordingly, Your Honor issued a scheduling order that set a deadline for Cotton to amend its complaint (by July 2, 2021). The order also set a briefing schedule for any motion practice with respect to the amended complaint (with such motion initially being fully submitted by August 16, 2021), limited any discovery only to the initial exchange of document requests (due by July 30, 2021), and set the current September 24, 2021 deadline for the parties to file a revised Rule 26(f) report. (ECF 55.) In other words, it appears that the Court scheduled the filing of a Rule 26(f) report upwards of seven weeks after the Motion would be fully submitted so that Your Honor could issue any ruling that could impact the parties' consideration of the nature and scope of discovery in their Rule 26(f) report.

On July 2, 2021, Cotton amended its complaint to *add two new defendants*, Vistana Signature Experiences, Inc. and Marriott Vacations Worldwide Corporation. (ECF 59.) The amendment also added certain new allegations relating to Cotton's theory that these non-contracting defendants could be bound by the construction contracts because they purportedly were the real parties in interest, and or otherwise manifested an intent to be bound. Accordingly, the Westin/Vistana/Marriott Defendants subsequently filed the Motion to dismiss the amended complaint on the ground that Cotton failed to state a breach of contract claim against these non-parties to the construction contracts. (ECF 72.) The Motion was fully briefed as of September 13, 2021[1], and is currently pending before the Court.

We respectfully submit that a decision on the Motion should precede the filing of a revised Rule 26(f) report because the Court's ruling has the potential to *significantly* alter the scope of discovery in this case. If granted, *three of seven defendants* would be dismissed from the lawsuit. And a decision in favor of the Westin/Vistana/Marriott Defendants would also narrow the issues in discovery that would impact all of the defendants and the plaintiff alike, as it would eliminate discovery into Cotton's theory that the non-contracting defendants manifested an intent to be bound by the construction contracts, including those between Cotton and each of the Owner Association Defendants. Indeed, no matter how the Motion is decided (including a denial), it will

---

[1] Your Honor granted the Westin/Marriott/Vistana Defendants July 19, 2021 letter-motion (ECF 64) to amend the briefing schedule in light of Cotton's decision to add new defendants, which made the reply brief due on September 6, 2021. And the parties subsequently agreed to extend the reply deadline by an additional week in light of the Jewish holidays, which the Court also granted, making the reply due by September 13, 2021. (ECF 75, 77.)



**FOLEY & LARDNER LLP**

September 22, 2021
Page 3

nonetheless relieve uncertainty about the scope of discovery and the issues that need to be litigated in this case, which in turn will enable the parties to more effectively and efficiently plan the contents of the Rule 26(f) report. We respectfully submit that, without such relief, uncertainty will permeate each discovery requirement required by a Rule 26(f) report, and require a significant magnitude of cost and business disruption to our clients.

Finally, as noted, we believe that adjourning the deadline for submitting the Rule 26(f) report would also be consistent with how the Court considered this issue in the aforementioned scheduling order. The order contemplated that any motion filed with respect to the amended complaint would be fully briefed upwards of seven weeks before the deadline to file the Rule 26(f) report, which would allow the Court to issue rulings related to the Motion. But the briefing schedule was ultimately extended (including an extension with the consent of all the parties), which results in less than two weeks between the full submission of the Motion (last week) and the filing deadline for the Rule 26(f) report (this Friday). We anticipate that the Court would appreciate the filing of a coherent and effective Rule 26(f) report that would take into consideration the Court's ruling on the Motion.

Each of the Owners Association Defendants consented to this request, and while Cotton did not consent, we respectfully submit that further clarity from the Court regarding the parties that will participate in this lawsuit, and the scope of relevant issues in the case, would result in no prejudice to Cotton if the requested relief were granted.

No previous request has been made for the relief sought herein.

Respectfully submitted,

/s/Todd C. Norbitz

Todd C. Norbitz

cc: Counsel of Record (via ECF)

4836-5381-2970.2