USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/26/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

COTTON INTERNATIONAL, INC.,

        Plaintiff,

        -against-

WESTIN ST. JOHN HOTEL CO., INC., BAY
VISTA OWNERS ASSOCIATION, INC.,
SUNSET BAY CONDOMINIUM
ASSOCIATION, LLC, and SUNSET BAY
VACATION OWNERS ASSOCIATION,
LLC,

        Defendants.

**STIPULATED**
**PROTECTIVE ORDER**

21-CV-2099 (JGK) (JLC)

---

## STIPULATED PROTECTIVE ORDER

WHEREAS all of the parties to above-captioned Action (collectively, the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(f) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY STIPULATED AND ORDERED that any person subject to this Protective Order—including, without limitation, the parties to this action, their representatives, agents, experts

and consultants, all third parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

IT IS hereby STIPULATED AND ORDERED that:

1.      This Stipulated Protective Order Governing the Production and Exchange of Confidential Information ("Protective Order") shall govern the handling of documents and all other information produced by or between the parties to the Action or by third parties in connection with the Action, including all documents and information produced pursuant to interrogatories, depositions, requests for production of documents, subpoenas, requests for admissions, or other requests for disclosures, whether formal or informal ("Discovery Material").

2.      As used herein:

      a.      "Confidential Information" shall mean all documents, testimony, and information designated as "Confidential" by any party or non-party pursuant to the terms of this Protective Order and that falls within one or more of the categories set forth in paragraph 3, including the contents and all copies, excerpts, extracts, and summaries of such documents, testimony, and information, provided that such designation has not been successfully challenged and finally revoked pursuant to paragraph 8 herein.

      b.      "Designating Party" shall mean the parties to this action and any third parties producing "Confidential Information" in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

      c.      "Non-Designating Party" shall mean the party to this action and/or any nonparty other than the Designating Party.

      d.      "Qualified Person" shall mean any person authorized to receive or review Confidential Information pursuant to paragraph 7 herein.

3.      The Designating Party producing any given Discovery Material may designate as "Confidential" any document or material that contains (a) financial information previously nondisclosed to the public (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins); (b) material previously nondisclosed to the public relating to ownership or control of any nonpublic company; (c) business, product development, and market information previously nondisclosed to the public; (d) any information of a personal or intimate nature regarding any individual that the producing person would not normally reveal to third parties except in confidence, or has undertaken with others to maintain its confidence, including any financial information; or (e) any other category of information hereinafter given confidential status by the Court or whose public disclosure is either restricted by federal or state law, or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others.

4.      With respect to deposition transcripts, a Designating Party or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within thirty (30) days after receipt of a copy of the final deposition transcript of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. Until time to make confidentiality designations elapses, the entire deposition transcript will be treated as if it had been designated Confidential.

5.      In the case of hearing testimony, whenever counsel deems that any question or line of questioning calls for the disclosure of information that is Confidential counsel shall designate on the record prior to such disclosure that the question calls for information that is Confidential and the designating party may also request to exclude any person not entitled under this Protective Order to receive the information that is Confidential.

6.      If at any time prior to the trial of this Action, a Designating Party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      No person subject to this Protective Order other than the Designating Party shall disclose any of the Discovery Material designated by the Designating Party as Confidential to any other person whomsoever, except to:

        a.      The Parties to this Action, including employees of the parties that counsel in good faith believe need to have access to such information for the prosecution or defense of this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, their insurers, and counsel to their insurers;

        b.      Counsel retained specifically for this Action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this Action;

        c.      Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this Action,

including computer service personnel performing duties in relation to a computerized litigation system;

d.  Any consultant or expert assisting in the prosecution or defense of the matter (including their respective staff or employees), to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e.  As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.  Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

g.  Stenographers engaged to transcribe depositions conducted in this Action; and

h.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

8.  Discovery Material designated as "Confidential" shall be treated as "Confidential Information" unless and until a challenge to the propriety of the designation is made successfully pursuant to this paragraph or the Designating Party withdraws the designation. A Party may challenge the propriety of a designation as "Confidential" at any time that is consistent with the Court's scheduling order in this action. In the event that any Party to this Action disagrees at any stage of these proceedings with the designation by the Designating Party of any information as "Confidential" or the designation of any person as a Qualified Person, that party may serve upon counsel for the Designated Party a written notice stating with particularity the grounds for the objection. Within ten (10) business days, the Parties and any affected protected person shall then discuss this contention and attempt to resolve the disagreement over the classification of the material. If the Parties and the affected protected person cannot resolve the matter through the meet and confer process, the Designating Party, if it wishes to seek relief from the Court, shall follow the procedure set forth in the Local Rules of the United States District Court for the Southern District of New York, the Individual Practices of Judge John G. Koeltl, and the Individual Practices of Magistrate Judge James L. Cott for resolution of discovery disputes, including, without limitation Local Rule 37.2. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the information that is the subject of the motion in accordance with the Designating Party's designation. The Designating Party shall at all times carry the initial burden of establishing that the contested information merits a "Confidential" designation.

9.  Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in appropriate circumstances) shall raise such request with counsel for the receiving party within a reasonable time prior to the disclosure. If the Parties and the affected protected person

cannot resolve the matter through the meet and confer process, the receiving party, if it wishes to seek relief from the Court, shall follow the procedure set forth in the Court's Local Rules of the United States District Court for the Southern District of New York, the Individual Practices of Judge John G. Koeltl, and the Individual Practices of Magistrate Judge James L. Cott for resolution of discovery disputes, including, without limitation Local Rule 37.2.

10.     A Party may be requested to produce Confidential Information that is subject to contractual or other obligations of confidentiality owed to a third party ("third-party Confidential Information"). Within a reasonable amount of time of identifying the third-party Confidential Information (and in all events, no less than ten (10) business days after identifying the third-party Confidential Information), the receiving Party subject to such obligation shall inform the other Parties of the confidentiality obligation and schedule a meet and confer. If the Parties cannot reach an agreement regarding the third-party Confidential Information, then the receiving party shall inform the third party within five (5) business days of the meet and confer that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within twenty-one (21) days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation. In the event that that a Party inadvertently discloses third-party Confidential Information, or produces such information without an appropriate controlling designation, the producing Party shall, within a reasonable amount of time after discovery of the inadvertent disclosure, (a) either request that the receiving party destroy all documents containing third-party Confidential Information, or (b) request that the receiving party treat such documents in accordance with an appropriate controlling designation.  The disclosure of the inadvertently disclosed third-party Confidential Information shall not constitute or be deemed a waiver or forfeiture of any claim of confidentiality that the Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter.

11.     All Confidential Information, including all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential Information, shall be used solely for the purpose of this Action and any appeals thereto, and may not be used outside this action for any purpose whatsoever. No person receiving such Confidential Information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Confidential Information to any person other than Qualified Persons. Such prohibited uses of Confidential Information include, without limitation, use for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least ten (10) days before any disclosure. Upon receiving

such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13.     A Non-Designating Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Information, shall follow the procedures of this Court for seeking leave to file documents under seal so as to prevent the disclosure of Confidential Information to persons other than Qualified Persons. The filing party shall take all reasonable steps to file the documents or information in a way that preserves confidentiality, including fully utilizing all procedures for filing the document under seal pursuant to the Individual Practices of Judge John G. Koeltl, § VI(A)(2), and/or the Individual Practices of Magistrate Judge James L. Cott. The party who designated the documents "Confidential" will have the obligation to justify any sealing request under any other Local Rule or Practice Standard. The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal except as set forth in the Individual Practices of Judge John G. Koeltl, § VI(A)(2), and/or the Individual Practices of Magistrate Judge James L. Cott, which describe the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

14.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential Information introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

15.     Each person who has access to Discovery Material that has been designated as containing Confidential Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach which that person reasonably believes may have compromised Discovery Material, she, he, or it shall notify the producing person as soon as practicable after learning of the breach of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

17.     Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in the event a producing Party inadvertently discloses information subject to the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or immunity, the disclosure of the inadvertently disclosed information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the

producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter. Where it appears on its face that the information was inadvertently disclosed, or the producing Party informs the receiving Party that privileged information has been disclosed, the receiving Party (i) must promptly return or destroy the specified information except for one copy for the purpose of contesting the claim of privilege, (ii) must not use or disclose the information until the claim is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the receiving party was notified and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court for a determination of the claim. The producing party must preserve the information until the claim is resolved.

18.    This Protective Order shall survive the termination of the litigation. Within sixty (60) days after entry of an order, judgment, or decree finally disposing of this Action, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Designating Party or shall be destroyed, at the option of the Designating Party, except that one copy of each document may be retained. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain all pleadings, motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, legal memoranda, correspondence, work-product, and attorney-client communications that include or are derived from Confidential Information. This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

19.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20.    This Protective Order is entered into without prejudice to the right of either Party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

21.    This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

22.    When serving any subpoena in this Action on a nonparty to the Action, a copy of this Protective Order shall be included with the subpoena, except that the failure to include a copy of this Protective Order with the subpoena (whether through inadvertence or otherwise) shall not constitute a defect in the service of the subpoena, or otherwise impair a Party's right to compel

compliance with a subpoena.

23.    This Protective Order shall be binding upon any future party to the Action.

Dated: January 25, 2022

**So Ordered.**

Dated: January 26, 2022
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

s/ Ryan T. Weiss

SUSMAN GODFREY L.L.P.
Richard W. Hess
Ryan T. Weiss
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Phone:  (713) 651-9366
rhess@susmangodfrey.com
rweiss@susmangodfrey.com

Jacob W. Buchdahl
Shawn J. Rabin
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Phone:  (212) 336-8330
jbuchdahl@susmangodfrey.com
srabin@susmangodfrey.com

*Attorneys for Cotton International, Inc.*

/s/ Todd C. Norbitz

FOLEY & LARDNER LLP
Todd C. Norbitz, Esq.
Benjamin I. Bassoff, Esq.
90 Park Avenue
New York, New York 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
tnorbitz@foley.com
bbassoff@foley.com

*Attorneys for Westin St. John Hotel Co., Inc.*

/s/ James Valvano

GREENSPOON MARDER LLP

James J. McGuire
James Valvano
Sherine Marie Marder
590 Madison Avenue, Suite 1800
New York, NY 10022
Telephone: (212) 524-5000
Facsimile:  (212) 524-5050
james.mcguire@gmlaw.com
james.valvano@gmlaw.com
sherine.marder@gmlaw.com

*Attorneys for Sunset Bay Condominium Association,
LLC and Sunset Bay Vacation Owners Association
LLC*

/s/ Vincent Filardo, Jr.

KING & WOOD MALLESONS LLP
Vincent Filardo, Jr.
500 Fifth Avenue, 50th Floor
New York, NY 10110
Telephone: (212) 319-4755
Facsimile:  (917) 591-8167
Vincent.filardo@us.kwm.com

*Attorneys for Bay Vista Owners Association, Inc.*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COTTON INTERNATIONAL, INC.,

Plaintiff,

-against-

WESTIN ST. JOHN HOTEL CO., INC., BAY
VISTA OWNERS ASSOCIATION, INC.,
SUNSET BAY CONDOMINIUM
ASSOCIATION, LLC, and SUNSET BAY
VACATION OWNERS ASSOCIATION,
LLC,

Defendants.

Case No. 1:21-cv-2099 (JGK)

I, _____ , state that:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Stipulated Protective Order Governing the Production

and Exchange of Confidential Information (the **"Protective Order"**) entered in the above-entitled

action.

5.      I have carefully read and understand the provisions of the Protective Order.

6.      I will comply with and agree to be bound by all the provisions of the Protective

Order.

7.      I will hold in confidence, will not disclose to anyone not qualified under the

Protective Order, and will use only for purposes of this action, any Confidential Information that

is disclosed to me.

        8.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

        9.      I hereby submit to the jurisdiction of this court for the purpose of the Protective Order in this action.

Executed on _____

                  (Date)                                         (Signature)